Dykman, J.
This action is brought against the defendant to recover damages for injuries sustained by the negligence of a servant of the defendant.
The plaintiff was conductor of an open street car in the city of Brooklyn, and a large loaded truck wearing the name of the firm of which the defendant is a member, came in collision with him, and threw him from his car to the street.
Upon the trial the defendant insisted that the proof of his ownership of the truck was insufficient, but it was sufficient *583 -to carry the question to the jury, and in the absence of any denial on the part of the defendant, the verdict is well sustained upon that point.
Otherwise the case presented the questions usual in all actions of this character. There was evidence of carelessness in the management of the team,and truck, and of the efforts made by the plaintiff to pass into the body of his car and avoid the threatened injury, and all the testimony was submitted to the jury, and a verdict was found for the plaintiff. Thus all the questions of fact were decided in favor of the plaintiff, and the verdict is well sustained by the testimony and all the surrounding facts and circumstances.
A motion was subsequently made for a new trial upon affidavits tending- to show surprise upon the trial from the proof of the plaintiff’s injuries, and also that the testimony upon that subject was unreliable and untrue.
The claim of surprise was not put in at the trial, and it was too late to file it afterwards. Besides, it was not the kind of surprise for which trials will be arrested or verdicts set aside. The testimony claimed to have been surprising related to the extent of the plaintiff’s injuries, and which the counsel for the defendant now says was much stronger than he expected and which he was totally unprepared to meet.
That is one way of saying the plaintiff made a strong case,, which the defendant was not prepared to meet.
If new trials were granted for such reasons there would be few enduring verdicts, for always such affidavits can be made by defeated parties.
But in this case the basis of the claim for surprise is quite unsatisfactory. It rests in supposition only, and upon the opinions of physicians whose theories lead them to conclude that the injuries of the plaintiff have been over-estimated and over-stated by himself and his attendant physician, and such theories were combated and contradicted by the physician of the plaintiff, who examined his injuries immediately after their infliction, and who speaks from knowledge derived from examination at that time.
The moving papers were, therefore, entirely insufficient to justify the granting of the motion for a new trial and. the same was properly denied.
Neither were the damages awarded excessive. The jury may have found the injuries of the plaintiff as extensive and painful and lasting as his physician stated them, and, if so, the size of the verdict is by no means large.
No error was committed upon the trial, and the judgment should be affirmed, with costs, and the order appealed from should be affirmed, with costs.
Barnard, P. J., and Pratt, J., concur.